**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50154 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-01261-DSF |
| v. | |
| HUNG LU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Hung Lu appeals a condition of supervised release imposed upon his

guilty-plea conviction for conspiracy, in violation of 18 U.S.C. § 371, and

trafficking in counterfeit computer documentation and aiding and abetting, in

violation of 18 U.S.C. §§ 2318(a) and 2.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Lu contends that the occupational restriction imposed by the district court should be stricken because it is not reasonably necessary to protect the public, it is vague and overbroad, and it effects an improper delegation to the probation officer. Because Lu did not challenge the occupational restriction in the district court, we review his claim for plain error. *See United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008).

In light of the close relationship between the crime committed and condition imposed, there was no plain error in the district court's conclusion that the condition was reasonably necessary to protect the public. *See United States v. Betts*, 511 F.3d 872, 875 (9th Cir. 2007). Lu's vagueness and overbreadth challenge fails because the condition is sufficiently clear to inform him of what conduct is proscribed, and is not overbroad. *See Vega*, 545 F.3d at 749-50. Finally, Lu has not demonstrated that the district court plainly erred by delegating authority to the probation officer to waive the occupational restriction. *See United States v. Dupas*, 417 F.3d 1064, 1072 (9th Cir. 2005) ("For an error to be plain, it must be 'clear' or 'obvious' under current law.").

**AFFIRMED.**

10-50154